**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES FIDELITY AND GUARANTY COMPANY**<br>    Plaintiff<br><br>    v.<br><br>**GABRIEL FUENTES JR CONSTRUCTION CORP., et al**<br>    Defendants | **CIVIL NO. 03-1903** |

**ORDER**

Pending before the Court are Third-Party Plaintiff/Counter-Defendant, United States Fidelity Guaranty Company ("plaintiff")'s *Plaintiff/Counter-Defendant's, United States Fidelity and Guaranty Company, Motion for Reconsideration of Order (Docket No. 550) Denying Plaintiff's Motion to Dismiss (Dkts. 301, 302, 303, 304, 305, 306, 307, and 308) Along with Incorporated Memorandum of Law* (Docket No. 552); and *Plaintiff/Counter-Defendant's, United States Fidelity and Guaranty Company, Motion for Extension of Time to Answer Defendant/Counter-Plaintiff's, Daniel W. Shelley, Counterclaim (Dkts.290, 291, 292, 293, 294, 295, 296, and 297)* (Docket No. 553).

In its motion for reconsideration, plaintiff summarizes the Court's holding dismissing its requests for dismissal against Daniel W. Shelley ("Shelley") based on Local Rule 83.1(f) which requires counsel admitted *por hac vice* to designate a member of the District Court for the District of Puerto Rico's bar as local counsel. Plaintiff explains that counsel who signed and filed the denied motions to dismiss was, in fact, a member of said bar. Consequently, under Fed.R.Civ.P. 59(e), which allows a Court to reconsider a previous decision wherein manifest error is present, it moves the Court to reconsider its previous denials. Plaintiff is correct in its assertion. Accordingly the Court **GRANTS** its motion for reconsideration (Docket No. 552) and proceeds to reconsider the eight (8) motions to *Dismiss the Counter Claim of Third-Party Defendant/Counter Plaintiff, Daniel W. Shelley* (Docket Nos. 301, 302, 303, 304, 305, 306, 307 and 308) wherein plaintiff requests the dismissal of the Third-Party Defendant/ Counter Plaintiff Daniel W. Shelly ("Shelley")'s eight (8) counter claims found at Docket Nos. 290, 291, 292, 293, 294, 295, 296 and 297 for failure to state a claim upon which relief may be granted.

**I. MOTION TO DISMISS STANDARD**

In ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs. *See* Alternative Energy, Inc. v. St. Paul Fire and Marine Insurance Company, 267 F.3d 30, 33 (1st Cir. 2001). Dismissal

under FED.R.CIV.PROC. 12(b)(6) is appropriate only if the facts alleged by the plaintiff, taken as true, do not justify recovery. *See* Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Therefore, in order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley v. Mobil Oil Corp., 851 F.2d 513 (1st Cir. 1988).

However, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d at 3. The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. *See* Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978). In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id.; *see also* Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998). As a result, this Court examines whether the Third-Party Defendant Counter Claim "contains enough information to put [Third-Party Plaintiff] on notice of the nature of [Third-Party Defendant] claims". Greenier v. Pace Local 1188, 201 F.Supp.2d at 177.

## II. ANALYSIS

As previously explained, plaintiff requests the Court dismisses Shelley's eight (8) counter-claims (Docket Nos. 290-297) for failure to state a claim upon which relief may be granted. Plaintiff argues Shelley's counter claims are merely circumscribed to a series of unconnected facts and bald assertions that fail to assert enough material elements to sustain any legal cognizable cause of action. Plaintiff further avers Shelley is only reciting a number of disjointed and irrelevant assertions. Finally, plaintiff emphasizes that Shelly proceeds to make multiple references to, and on behalf of, Cayo Largo Resort Associates yet fails to make a showing as to the authority and/or standing conferred to him in order to assert those claims. Consequently, all claims asserted by Shelley must be inexorably dismissed.

Shelley, on the other hand, purports the Court should deny plaintiff's requests due to it not specifically addressing forty one (41) of the forty two (42) factual claims contained in his counter claims. Moreover, he argues plaintiff does not even attempt to impugn these claims. As to him having made references to, and on behalf of, CLRA, Shelly contends that, as president of Cayo Largo Resort GP, Inc., as acting managing general partner of CLRA, and as owners of a 72.72% beneficial interest in CRA, he acted on behalf of CRA in signing the General Agreement of Indemnity and Rider to Master Surety Agreement. Therefore, he has clear standing to speak on their behalf.

After indulging all reasonable inference in Shelley's favor, as provided in Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court finds the cross claims insufficiently plead. Notwithstanding Shelley's correct assertion that he may speak on behalf of a corporation or general partnerships, the causes of action belong to the corporation and/or the general partnerships which are the protected entities. Consequently, it must be concluded that he lacks all authority to pursue claims in his individual capacity that belong to those entities. Even if, as is Shelley's averment, plaintiff did intimidate and coerce him as President of CLHGP and CLRP to agree to the bond at issue, logically then, it is the corporations themselves who are the proper parties to bring suit against

plaintiff. In the instant case, Shelley seems to intimate that he has brushed aside the corporate entity to such the extent that it would actually be lawful to pierce the corporate veil and impose upon him personal liability for what is traditionally considered a corporate obligation. Regardless of the veracity behind that suggestion, Shelley still **cannot** personally assert claims or causes of action which, undoubtedly, belong tho the corporations and/or partnerships. *See* McCArthy v. Azure, 22 F.3d 351, 363 (1st Cir. 1994) ("As appellant is not even arguably an innocent third party disadvantaged by someone else's blurring of the line between a corporation and the person who controls it, but, rather, is himself the one who is claimed to have obscured the line, he cannot be permitted to use the alter ego designation to his own behoof."); *see also Bevill v. Sprint Communications Co., L.P.*, No. 04-cv-406-SM, 2005 U.S. Dist. LEXIS 7111, at *9-10 (D.N.H. Apr. 25, 2005). Such is the case at bar.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). After providing credence to all well pleaded facts and making all reasonable inference in Shelley's favor, the Court finds that his counter claims (Dockets Nos. 290-297) fails to set forth sufficient "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery". Gooley, 851 F.2d 513 (1st Cir. 1988). The Court reiterated that the alleged causes of action brought by Shelley, in reality, belong to the corporate and/or partnership entities. McCarthy, Id.; Bevill, Id.. Shelley is not himself allowed to pierce the corporate veil of protection.

### III.  CONCLUSION

Wherefore, plaintiff's motion for reconsideration (Docket No. 552) is **GRANTED**; and its eight (8) motions to dismiss (Dockets Nos. 301, 302, 303, 304, 305, 306, 307 and 308) are **GRANTED**. Finally, plaintiff's request for an additional ten (10) days from the issuance of this order to answer Shelley's counter claims (Docket No. 523) is **MOOT**.

**IT IS SO ORDERED**

Date: May 24, 2005                                                         S/Daniel R. Domínguez
                                                                           **DANIEL R. DOMINGUEZ**
                                                                           **U.S. DISTRICT JUDGE**