IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES FIDELITY
AND GUARANTY COMPANY
    Plaintiff

    v.

**CIVIL NO. 03-1903**

GABRIEL FUENTES JR
CONSTRUCTION CORP., et al
    Defendants

### ORDER

Pending before the Court is Third-Party Plaintiff/Counter-Defendant, United States Fidelity Guaranty Company ("plaintiff")'s *Plaintiff/Counter-Defendant's, United States Fidelity and Guaranty Company, Motion to Dismiss the Amended Counterclaim of Defendant/Counter-Plaintiff, Constructora Minillas, Inc. And Incorporated Memorandum of Law.* (Docket No. 525). Plaintiff requests the Court dismiss Constructora Minillas, Inc. ("CM")'s counterclaim found at Docket No. 486 for failure to state a claim upon which relief may be granted.

### I.  MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs. *See* Alternative Energy, Inc. v. St. Paul Fire and Marine Insurance Company, 267 F.3d 30, 33 (1st Cir. 2001). Dismissal under FED.R.CIV.PROC. 12(b)(6) is appropriate only if the facts alleged by the plaintiff, taken as true, do not justify recovery. *See* Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Therefore, in order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley v. Mobil Oil Corp., 851 F.2d 513 (1st Cir. 1988).

However, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d at 3. The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. *See* Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978). In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id.; *see also* Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998). As a result, this Court examines whether the Third-Party Defendant Counter Claim "contains enough information to put [Third-Party Plaintiff] on notice of the nature of [Third-Party Defendant] claims". Greenier v. Pace Local 1188, 201 F.Supp.2d at 177.

## II. ANALYSIS

As previously explained, plaintiff requests the Court dismisses CM's counterclaim pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff argues CM's counterclaims fails to set forth any actionable legal theory. It explains that CM does not, at any point in his counterclaim allege it had a contract or nexus with Gabriel Fuentes Jr. Construction Co., Inc. ("Contractor"), any of its subcontractors, or that it was a material supplier to the project object of the instant case. Moreover, plaintiff asserts that its liability, as a surety, is coextensive with the bonded principal, thus, by CM's not averring any type of relationship with the Contractor – the bonded principal – it must necessarily be occluded from recovering from plaintiff under any cognizable legal theory.

CM, on the other hand, contends by explaining that its action against plaintiff is one in tort rather than against the bond issued to the Contractor and, as such, its action need not rely on the bond to make plaintiff liable. It continues to argue that plaintiff's breach of its obligations to its principal resulted in the increase of the cost of completion of the project which, in turn, prejudiced CM when it could not recover timely payment from Cayo Largo Hotel GP, Inc. and Cayo Largo Hotel Ass. en C. pro A., S.E. for the work and services it rendered at the project. The surety is therefore, responsible for the resulting damages incurred.

Although plaintiff does bring forth to the Court's attention First Circuit case law which mandates that a surety is entitled to avail itself of all defenses of a contractor and is, thus, not liable to the extend contractor is not liable, plaintiff fails to understand that said contentions were arrived at by the First Circuit after interpreting particular state law to that effect. Accordingly, and in following with First Circuit precedent, this Court can only adjudicate whether the instant case's surety is liable to CM – the secondarily injured party – utilizing and interpreting Puerto Rico case law. Puerto Rico case law has repeatedly established that:

> material and moral damages that a negligent or culpable act "may rebound *over various people*. And in such case, each one of these acquires and *independent action* against the originator... for the basis of responsibility is, precisely, the particular and personal damage suffered by each one" of them.
>
> On numerous occasions, we have recognized that a person has a right to indemnification for the damages, moral upsets, or the mental anguishes he or she has experienced as the consequence of the material damages, or of other nature, that, in turn, a [related part] has suffered. (Translation ours.)

Santini Rivera v. Serv Air, Inc., 137 P.R. Dec. 1, 10 (1994) *citing* Hernandez v. Fournier, 80 P.R. Dec. 93, 97-98 (1957) (emphasis in original). *See also*, Hull v. Municipality of San Juan, 356 F.3d 98, 103 (1st Cir. 2004); Soc. de Gananciales v. El Vocero de P.R., 135 P.R. Dec. 122 (1994); Rodriguez Cancel v. A.E.E., 116 P.R. Dec. 443 (1985); Perez Cruz v. Hosp. La Concepcion, 115 P.R. Dec. 721 (1984); Ferrer v. Lebron Garcia, 103 P.R. Dec. 600 (1975); Santiago v. Sears

Roebuck, 102 P.R. Dec. 515 (1974): Vda. de Delgado v. Boston Ins. Co., 99 P.R. Dec. 714 (1971); Concepcion Guzman v. A.F.F., 92 P.R. Dec. 488 (1965); Cirino v. Fuentes Fluviales, 91 P.R. Dec. 608 (1964); Berrios v. International General Electic, 88 P.R. Dec. 109 (1963); Vda. de Valentin v. E.L.A., 84 P.R. Dec. 112 (1961); Travieso Del Toro v. Travieso, Int., 74 P.R. Dec. 1009 (1953); Muriel v. Suazo, 72 P.R. Dec. 370 (1951); Maldonado v. Municipio de Ponce; 39 P.R. Dec. 247 (1929).  The above cited cases establish that, under Puerto Rico law, a third party not covered under privy between two contracting parties may be entitled to recover consequential damages based on a violation of law or contract between two other parties.  Santini Rivera v. Serv Air, Inc., supra, and cases cited therein. (In an employer-employee relationship, a third party – i.e. a girlfriend – may recover damages suffered against her boyfriend's employer based on Article 1802 of the Puerto Rico Civil Code for mental distress resulting from the discrimination in employment suffered by the employee – her boyfriend – under local law all caused by the employer.)  Similarly, a surety company may be responsible for damages suffered by a third party injured by a violation of contract incurred in by the surety company as to its assured.  The Court writes no further.  The matter is not close under local law.

After indulging all reasonable inference in CM's favor, as provided in Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court finds the counterclaim sufficiently plead.  CM's counterclaim unquestionable raises a cause of action for damages resulting form plaintiff's alleged breach of contract with defendants.  *See Amended Counterclaim*, Docket No. 486, at 9.  Since "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief", Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), after providing credence to all well pleaded facts and making all reasonable inference in CM's favor, the Court finds that its counterclaim (Docket No. 486) sets forth sufficient "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery".  Gooley, 851 F.2d 513 (1st Cir. 1988).

### III.  CONCLUSION

Wherefore, plaintiff's motion to dismiss CM's counterclaim (Docket No. 526) is **DENIED**.  The surety company **shall answer the complaint within the next ten (10) days**.

**IT IS SO ORDERED**

Date: June 17, 2005                                S/Daniel R. Domínguez
                                                   **DANIEL R. DOMINGUEZ**
                                                   **U.S. DISTRICT JUDGE**