UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES FIDELITY**
**AND GUARANTY COMPANY**
Plaintiff

v.

**CIVIL NO. 03-1903 (DRD)**
**03-1904 (DRD)**

**GABRIEL FUENTES JR**
**CONSTRUCTION CORP., et al**
Defendants

## OPINION AND ORDER

Pending before the Court is Co-defendant/Counter-Claimant/Cross-Claimant Constructora Minillas Corp.'s ("CM") *Motion for Summary Judgment and Brief in Support*. (Docket No. 443). Through said motion, CM seeks the Court to enter to summary judgment in its favor and hold Cayo Largo Hotel GP, Inc. and Cayo Largo Hotel Assoc. S. en C. por A., S.A. ("Cayo Largo defendants") jointly and/or severally responsible for the payment of $314,875.11, plus interest accrued, including prejudgment interest; and for the payment of attorney's fees due to their temerity in defending the present action filed by CM. To date, the record reflects, said motion remains unopposed.[1] For the following reasons, CM's motion for summary judgment is **GRANTED**, but only as to Cayo Largo Hotel GP, Inc.

### I. BACKGROUND

The Court, in evaluating CM's motion, recognizes that, at the summary judgment stage, both

---

[1] The record reflects that the Cayo Largo defendants, instead of opposing the motion, filed a request under Fed.R.Civ.P. 56(f). (Docket No. 450). This request was ultimately denied on April 6, 2005 based on defendants having failed to reach the threshold standards set forth under Rule 56(f) and by the First Circuit Court of Appeals in Ayala-Gerena v. Bristol Myers-Squbb Co., 95 F.3d 86, 92 (1sst Cir. 1996); Resolution Trust Corp. v. North Bridge Associates, Inc., 22 F.3d 1198, 1203 (1st Cir. 1994); Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985, 988-89 (1st Cir. 1988). (Docket No. 550).

the evidence and all the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-movant party, United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994 (1962), and that, even if unopposed, a motion for summary judgment can only be granted if the record discloses the movant's entitlement to judgment as a matter of law. See Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990). However, notwithstanding that there is no opposition to a summary judgement, the Court must entertain the motion on the merits and may not grant the same as a sanction even if there is no opposition on file. *See* De la Vega v. San Juan Star, 377 F. 3d 111 (1st Cir. 2004).

The facts of this case are not complex in nature. On November 8, 2002, CM was contracted by Cayo Largo Hotel GP, Inc. to perform construction works at a the construction project known as The Cayo Largo Hotel and Resort ("the project") in Ceiba, Puerto Rico. Through said contract, which was signed by Mr. Daniel Shelley as president of Cayo Largo Hotel GP, Inc., the parties agreed that CM would construct the access road from the boundaries of Marina Puerto del Rey to "Road A" providing, thus, direct access to the project's entrance. In exchange, Cayo Largo Hotel GP, Inc. would pay CM $256,357.00. Due to multiple change orders that were duly requested from CM by the project engineer Mr. Penti Salmi, who was also the representative of the owner and/or of Cayo Largo Hotel Assoc., the final price of their construction was incremented from the previously estimated $256,357.00 to $314,875.11. CM concluded their work on or about the second week of February of 2003.

Subsequently, on September 9, 2003, Mr. Carlos A. Gascot, president of CM, mailed a letter to Mr. Daniel W. Shelley, president of Puerto del Rey (Shelley a third party defendant/counter claimant/cross claimant/cross defendant in the instant case; Puerto del Rey a third party

defendant/cross defendant in the instant case; and both defendants/cross-claimants/cross-defendants in sister case no. 03-1904), indicating that, after multiple submissions of applications and certifications for payment and CM's credit department's suggestion to refer the instant matter to its attorney for legal action of collection of monies to be commenced, he was providing Mr. Shelley with ten (10) additional days in the hopes that he would "respond favorably by then." *See Letter*, September 9, 2003, Docket No. 443, Exhibit VII.  Mr. Gascot also sent the same letter to Mr. David W. Brooks of The John Hardy Group.  Notwithstanding the letters, Mr. Shelley, also acting as president of Cayo Largo Hotel CP, Inc., neither paid the amount owed nor answered the letter in any manner.  On the other hand,  Mr. David W. Brooks, senior project manager for The John Hardy Group - Cayo Largo Resort, answered the letter addressed to him.  Mr. Brooks informed Mr. Gascot that he was no longer keeping an office at the project site, to send all correspondence to Mr. Shelley's address, and that he was not the proper person to address the issue therein given that the project was authorized by Mr. Shelley as president of Cayo Largo Hotel GP, Inc.  After CM's multiple attempts to execute the collection of said debt, though all efforts to collect outstanding amounts from the above mentioned Co-defendants, and those attempts being  unsuccessful, on March 24, 2004, CM filed the above captioned cross-claim against, *inter alia*, Cayo Largo Hotel GP, Inc. (c/o The John Hardy Group, Inc.), and the Cayo Largo Hotel Associates S. en C. por A., S.E. (Docket No. 169).  To date, CM has yet to receive payment.[2]

## II.  SUMMARY JUDGMENT STANDARD

The framework of Fed.R.Civ.P. 56 provides that it is appropriate to enter summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with

---

[2] At the time of the filing of the cross-claim, the amount owed had accrued to $314,875.11.

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). *See* Celotex Corp v. Catrett, 477 U.S. 317, 324-25, 106 S.Ct. 2548, 2553-54 (1986); Abbadessa v. Moore Business Forms, Inc., 987 F.2d 18, 22 (1st Cir. 1993). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," *and* that he is "entitled to judgment as a matter of law." Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997). When the moving party asserts that the competent evidence clearly demonstrates that it is entitled to judgment and after the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortes-Irizarry v. Corporacion Insular, 111 F.3d 184, 187 (1st Cir. 1997).

To determine whether these criteria have been met, a court must pierce the boilerplate of the pleadings and carefully review the parties' submissions to ascertain whether they reveal a trial worthy issue as to any material fact. *See* Perez v. Volvo Car Corporation, 247 F.3d 303, 310 (1st Cir. 2001); Grant's Dairy-Me., LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res., 232 F.3d 8, 14 (1st Cir. 2000); Cortes-Irizarry v. Corporacion Insular, 111 F.3d 184, at 187; McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995) (the Court must look behind the facade of the pleadings and assay the parties proof in order to determine whether a trial is required.). Furthermore, a fact is "material" if it potentially could affect the suit's outcome. *See* Id. An issue concerning such a fact is "genuine" if a reasonable fact finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor. *See* Id. The Court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133,

120 S.Ct. 2097, 2110 (2000).

This is so, because credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.  *See* Reeves, id. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood[.]" Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987).  "The Court should give credence to the evidence favoring the non-movant as well as the evidence supporting the moving party that is contradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." Id.  An absence of evidence on a critical issue weighs against the party –be it the movant or the non-movant– who would bear the burden of proof on that issue at trial. *See*  Perez v. Volvo Corporation, 247 F. 3d at 310; *see also* Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35-36 (1st Cir. 1998);  Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990).  Accordingly, "speculation and surmise, even when coupled with effervescent optimism that something definite will materialize further down the line, are impuissant on the face of a properly documented summary judgment motion." Ayale-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996) (*citations omitted*).

At the summary judgment stage, the trial court examines the entire record "in the light most flattering to the non-movant and indulges all reasonable inferences in that party's favor.  Only if the record, viewed in the manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Company v. Hayes, 116 F.3d 957 at 959-60 (1st Cir. 1997).  In other words, the court must construe the record and all reasonable inferences from it in favor of the non-movant (the party opposing the summary judgment

motion). *See* Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000); Cortes-Irizarry, 111 F. 3d at 187; *see also* United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Moreover, "[i]f the adverse party does not [file an opposition], summary judgment, **if appropriate**, shall be entered against the adverse party." Fed.R.Civ.P. 56(e) (emphasis added). The First Circuit Court of Appeals has made clear that failure to timely oppose a motion for summary judgment, does not, in itself, justify entry of summary judgment against the party; therefore, a District Court is nonetheless "obliged to consider the motion on the merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991); *see also* Lopez v. Corporacion Azucarera de Puerto Rico, 938 f.2d 1510, 1517 (1st Cir. 1991) (holding that before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law). In the case of failure to oppose a motion for summary judgment, the consequence "is that the party may lose the right to file an opposition." Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446, 451-52 (1st Cir. 1991) (discussing unopposed motion for summary judgment). Finally, **a party that fails to oppose a motion for summary judgment, does so at its own risk and peril**. *See e.g.* Corrada Betances v. Sea-Land Services, Inc., 248 F.3d 40, 43 (1st Cir. 2001); Herbert v. Wicklund, 744 F.2d 218, 233 (1st Cir. 1994).

### III. ANALYSIS

**A.** **Uncontested Facts:**

Local Rule 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Pursuant to said Rule, the Court deems Defendants have admitted

the following material facts, which were set forth in the **unopposed** statement of uncontested facts provided by CM, and supported by proper documentation (Docket No. 443-2):

1) On November 8, 2002 CM was contracted by Cayo Largo Hotel GP, Inc. to perform construction works at a construction project known as The Cayo Largo Hotel and Resort. (Exhibit I to CM's Motion for Summary Judgment, Docket No. 443)
2) CM's duty at the project consisted of the construction of an access read from the boundaries of Marina Puerto del Rey in the Town of Ceiba, Puerto Rico, to Road A, which gives direct access to the project's entrance. (Id.)
3) The original stipulated price for the construction works to be performed by CM at the project was $256,357.00. (Exhibits I through VI of CM's Motion for Summary Judgment, Docket No. 443)
4) Said price later incremented to $314,875.11 through Change Orders approved by Mr. Penti Salmi on behalf of Cayo Largo Hotel and/or the owner. (Exhibit II of CM's Motion for Summary Judgment, Docket No. 443)
5) CM has demanded payment from Cayo Largo Hotel GP, Inc. on repeated occasions. (Exhibits I, and VII through IX of CM's Motion for Summary Judgment, Docket No. 443)
6) Cayo Largo Hotel GP, Inc. has yet to pay the amount owed for CM's performed work. (Exhibits I, and II of CM's Motion for Summary Judgment, Docket No. 443)
7) Said debt is liquid and legally due. (Id.)

**B.   Applicable Law**:

It is well-known that Puerto Rico law provides that obligations arising under contracts have legal force between the contracting parties, and must be fulfilled in accordance with their covenants and/or obligations. *See* Article 1044, Puerto Rico Civil Code, 31 P.R. Laws Ann. §2994. Courts may not relieve a party of its legally binding obligations, when the contract they arise under is not defective in any manner, but valid under the law. *See* Cerveceria Corona v. Commonwealth Ins. Co., 115 P.R.Dec. 345, 353 (1984); Garcia v. World Wide Entertainment Co., 132 P.R.Dec. 378, 382 (1992). Furthermore, Article 1077 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §3052, requires that, upon one of the convening parties' failure to comply with their contracted obligation, the other has the right to demand fulfillment of the contract or its resolution. Finally, pertaining to contracts for services, the Puerto Rico Civil Code obligates the owner of the work performed to pay

the price within the time-frame and in the manner contractually specified. *See* 31 P.R. Laws Ann. §4132. Moreover, said payment is to be performed at the moment the work is completed and turned over to the owner. Id.

Pursuant to the uncontested facts and law outlined above, the Court finds that summary judgment is appropriate in this case. *See* Kelly, 924 F.2d at 358. The Court finds that the moving party –that is, CM– has easily met its burden of demonstrating undisputed facts that grant entitlement as a matter of law to the issuance of summary judgment. *See* Lopez, 938 F.2d at 1517. The Cayo Largo defendants have failed to perform their legal duty of payment under their contract with CM. As a matter or law, they entered into a valid contractual obligation (i.e., a contract for services signed by Shelley as president of Cayo Largo Hotel GP, Inc. – company owned by Cayo Largo Hotel Assoc. S. en C. por A., S.A.), and the contractual obligations under local law have the force of law, as explained above. 31 P.R. Laws Ann. § 2994. Furthermore, Cayo Largo has failed to provide the Court with any allegation and/or proof that this contract is defective in any form. CM entered into a services contract in exchange for a sum certain amount of money and the Cayo Largo defendants agreed to the terms and conditions of the contract (as well as the change orders which Mr. Penti Salmi approved augmenting the final debt for services rendered). Therefore, as a matter of law, the Court finds the Cayo Largo Defendants liable to CM, and enters summary judgment against the Cayo Largo Defendants.

## IV. CONCLUSION

Under Fed.R.Civ.P. 56(c), it is appropriate to enter summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to summary judgment as a matter of law." Celotex, 477 U.S. at 324-25. Moreover, a motion for summary judgment, albeit unopposed, can only be granted if the record discloses the movant's entitlement to judgment as a matter of law. Mullen, 972 F.2d 446, 451-52.

In the instant case, the Court finds that CM has easily met the burden of demonstrating undisputed facts that entitle it to the issuance of summary judgment. Lopez, 938 F.2d at 1517. Thus, the Court enters Judgment for CM against the Cayo Largo Hotel GP, Inc.[3] for the amount of $314,875.11, plus legal interests accrued, including prejudgment interests retroactive to the date the amount was due. Furthermore, the Court finds that the Cayo Largo Hotel GP, Inc. has acted with temerity in the instant matter pursuant to Puerto Rico law. *See* Raoca Plumbing & Sprinkler Corporation v. Trans World Assurance Co., 114 P.R. Dec. 464, 13-14 (1983).[4] Accordingly, the Court **ORDERS** CM to file, **within the next thirty (30) days**, its sworn memorandum requesting attorney's fees specifying the hours of work invested by lawyers of the firm, and identifying an attorney, licenced to practice locally, along with his or her sworn testimony, attesting to his or her billable rate in a similar case as the instant case all pursuant to the standards set forth in Coutin v.

---

[3] The Court, at this point, cannot issue summary judgment against Cayo Largo Hotel Assoc. S. en C. por A., S.A. due to CM not having presented the Court with enough factual evidence for the Court to pierce corporate veil as to the Cayo Largo Hotel Assoc. en C. por A., S.A. *See* San Miguel Fertilizer Corp. v. Puerto Rico Drydock & Marine Terminals, 94 P.R. Dec. 429 (1967); Velazquez v. P.D.I. Enterprises, Inc., 141 F.Supp.2d 189 (D.P.R. 1999) (both establishing the criterion for piercing the corporate veil, one under local law, and the other under common law).

[4] Holding that "a party that shows that it made reasonable and effective efforts to collect a debt before resorting to the courts, that it notified the payment of the debt in an appropriate manner, and in spite of this said debtor refused to honor it, should be entitled to recover a sum of money to pay the attorney's fees in which it reasonably incurred to assert its right. Otherwise, we would be furthering opportunism, and the plaintiff's patrimony would be unduly eroded. Moreover, for the recalcitrant debtor, the idea of not paying its obligation and waiting for the creditor to go to the courts is very attractive. To the list of well-known inconveniences and troubles associates with a suit – and sometimes the unavoidable delay of the proceedings – we would be adding another incentive for not paying. 114 P.R. Offic. Trans. 595, 607-08 (1983) (Negron Garcia, J. concurring).

Young and Rubicam Puerto Rico, Inc., 124 F.3d 331(1st Cir. 1997).[5]

Wherefore, CM's request for summary judgment (Docket No. 443) is hereby **GRANTED** as to Cayo Largo Hotel GP, Inc.[6]

**IT IS SO ORDERED**.

In this the 19th day of August of 2005.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT COURT**

---

[5] The Court recognizes that, this being a case filed pursuant to diversity of citizenship, it is the local law regarding attorney's fees that must be applied. Notwithstanding, the Court, in its discretion, will reference Coutin v. Young and Rubicam Puerto Rico, Inc., 124 F.3d 331(1st Cir., 1997) when issuing its final decision on attorney's fees to be awarded.

[6] The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); Zayas-Green v. Casaine, 906 F.2d 18, 21 (1st Cir. 1990) ("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.'" Id. (quoting In re Continental Investment Corp., 637 F.2d 1, 3 (1st Cir. 1980)); Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority, 888 F.2d 180, 183 (1st Cir. 1989); Consolidated Rail Corp v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir. 1988); Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 43 (1st Cir. 1988); Santa Maria v. Owens-Ill., Inc., 808 F.2d 848, 854 (1st Cir. 1986)); see also United States v. Nixon, 418 U.S. 683, 690 (1974).