**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES FIDELITY
AND GUARANTY COMPANY**
Plaintiff

           **CIVIL NO. 03-1903 (DRD)**
v.                  03-1904 (DRD)

**GABRIEL FUENTES JR
CONSTRUCTION CORP., et al**
Defendants

**ORDER**

      Pending before the Court is co-defendant Resort Services International (Cayo Largo L.P.), S.E.'s ("RSI") *Motion for Reconsideration and/or Requesting Filing of Counterclaim Nunc Pro Tunc in Case No. 03-1904*. (Docket No. 703). Through said motion, legal counsel for RSI requests the Court reconsiders its previous denial regarding the filing of said counterclaim (Docket No. 702). Counsel explains, as she did in her previous request (Docket No. 681) and in open Court at the last Status Conference of Monday, August 15, 2005, that she could not file her counterclaim on the agreed upon and ordered deadline of July 30, 2005 due to "technical problems with her home computer." She continues to assert that she was the only attorney at the law firm of Goldman Antonetti & Cordova working on the drafting of the counterclaim, and that, due to health issues related to her advanced pregnancy, she "had been working from home for several weeks." She proffers only said assertions without even one medical certificate attesting to her health problems or a sworn statement from co-appearing counsel Cartagena Santiago attesting to the fact that she was the only legal counsel in the firm working on this case and/or drafting of the counterclaim, along with his reasons for not being able to assist counsel Berlingeri provided her being housebound for several weeks. Finally, counsel points out to the Court that the July 30th deadline fell on a Saturday, reason for which the filing period is extended to Monday, August 1st, 2005 pursuant to Fed.R.Civ.P. 6. Notwithstanding, her original request was filed on August 2nd, 2005 – a day late.

      The Court recognizes that the parties will occasionally be unable to meet case management deadlines. However, the Court may only **extraordinarily** extend a scheduling order deadline. Moreover, since the issuance of the Case Management Order, the Court has consistently emphasized that no extensions would be granted ON ANY MATTER unless a certified showing of good cause was made in accordance with O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152 (1st Cir. 2004), and Chamorro v. Puerto Rican Cars Inc., 304 F.3d 1, 5 (1st Cir. 2002). Furthermore, and once again, it is crystal form the record that counsel had **over three months** – months during which she must have known she was pregnant – since the clear and unequivocal mandate issued ordering the July 30, 2005 deadline as the **ultimate** deadline for the filing of any and all additional claims. It seems logical to the Court that, by counsel herself admitting to the fact that she was housebound

for several weeks (thus, well aware that her pregnancy was causing her health problems), she should have anticipated the possibility of continued health issues (which, to the Court's knowledge, fortunately did not), and ultimate ill-compliance with the deadline (even when extending the filing period according to Fed.R.Civ.P. 6).  Accordingly, the Court should not entertain counsel Berlingeri's request when, not only her proffered health reasons are not within the **certified** showing of good cause standard, but her request was tardy.  Finally, the Court still finds that expecting parties to meet this deadline, having it been notified almost four months in advance, was more than reasonable.  For this reason, the Court is hesitant to accept counsel's second explanation that she was the only attorney at the law firm working on the draft of the counterclaim in question when she has consistently filed her pleadings and motions with co-counsel Cartagena Santiago – both members of a law firm employing over fifty attorneys that could have certainly assisted either counsel in complying with the deadline.

Notwithstanding, taking into consideration that it was merely one day late, that counsel's request was unopposed, that GFC already answered the counterclaim, and that there is no prejudice to her belatedness, the Court **RELUCTANTLY GRANTS** RSI's filing of its counterclaim *Nunc Pro Tunc* guided by the fact that, were the Court not to accede to the filing, RSI would only have had the chance to start its claim in State Court.  However, the Court notes that **this is not the first time it is granting counsel an extension of time to comply** with a clearly, and timely scheduled management order.  Thus, the Court **warns** counsel that further non-compliance will result in the imposition of appropriate sanctions – be they the striking of allegations, economic, default or dismissal.

**WHEREFORE**, RSI's *Motion for Reconsideration and/or Requesting Filing of Counterclaim Nunc Pro Tunc in Case No. 03-1904* (Docket No. 703) is **GRANTED**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this the 19TH day of August of 2005.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**
