UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES FIDELITY**
**AND GUARANTY COMPANY**
Plaintiff

                        **CIVIL NO. 03-1903 (DRD)**
v.                                   **03-1904 (DRD)**

**GABRIEL FUENTES JR**
**CONSTRUCTION CORP., et al**
Defendants

### OPINION AND ORDER

Pending before the Court is **Atlas Roofing, Inc., Bird Construction Co., Inc., Chaservices, Inc., Diaz & Diaz Engineers & Contractors, Glasstra Aluminum, Inc., Modular Designs, North Tech Drywall, Corp., P.S.M. Corporation, R.E. Delgado, Inc., Resort Builders, S.E., Rolei Electrica, S.E., Sani Plant Co., Inc., Tony's Stonescaping, Universal Fire Sprinkler Company, Inc.,** and **Victor Diaz, Inc.'s** (collectively referred to as the Payment Bond Claimants "PBCs") *Motion for Summary Judgment*. (Docket No. 355).

Through said *brevis* disposition request, the PBCs seek the Court to enter summary judgment against plaintiff United States Fidelity & Guaranty Company ("USFG") holding it jointly and severally liable with Gabriel Fuentes Jr. Construction Corp. ("GFC") to them, and ordering it to pay their claims pursuant tot he Payment Bond Contract to which they are Third Party Beneficiaries, with interest and reasonable attorney's fees. The PBCs further clarify that they only request entry of summary judgment solely as to USFG's liability towards them for the issue of the amount actually owed will be submitted before the Court once USFG's liability is established. USFG timely opposed said motion. (Docket No. 397). Replies and sur-replies were also tendered. (Docket Nos. 468, and 523). Finally, on April 6, 2005, co-defendant/counter-claimant/cross-claimant Standard Refrigeration Co., Inc. ("Standard") filed a *Motion Joining Bird Construction Inc., et al.'s Motion for Summary Judgment and Subsequent Pleadings* wherein it moves the Court to allow its joining to PBCs' request for summary judgment and reincorporates by reference the uncontested material facts filed in support of their previous – and already denied – motion for partial summary judgment against GFC (Docket No. 179).[1] (Docket No. 548). USFG duly opposed said request (Docket No. 560), and replies and sur-replies were filed (Docket Nos. 597, and 602).

After an exhaustive review of the record in its entirety and, particularly, the PBCs' motion, this Court cannot, in good faith, proceed to grant a summary judgment. The *Statement of Uncontested Facts Pursuant to L.Civ.R. 56(b)* presented by the movant party is **absolutely insufficient**. (Dcoket No. 355-2). It does not provide the Court with any information of any kind as to the service or construction contracts entered into by each of the PBCs, the amount charged by each of the PBCs for said services, the dates of service, or **any**

---

[1] The Court notes that said request for partial summary judgment against GFC and in favor of Standard was denied by this Court on February 28, 2005. (Docket No. 506). Standard then filed a motion for reconsideration on March 10, 2005 (Docket No. 528) which was later denied by this Court on April 6, 2005 (Docket No. 549).

supplemental documents to the sole statement under perjury presented by the PBCs to attest to the facts asserted by Eng. Israel Delgado Valentin, Bird Construction Co., Inc.'s (the construction manager retained by the general contractor GFC) designated representative at the Cayo Largo Hotel and Resort. In fact, Eng. Delgado Valentin merely states having personal and direct knowledge of each of the PBCs having performed specific services at the site pursuant to subcontracts with GFC. Notwithstanding, no exhibits are attached thereto regarding said subcontracts. It could very well constitute a self-serving statement without any underlying supporting documentation.

The Court finds that the PBCs have so grossly failed to comply with Fed.R.Civ.P. 56, that their request does not even allow the Court to ferret, even if an "anti-ferreting" rule[2] did not exist in this district. Notwithstanding, the Court will deny the issuing of the summary judgment **reluctantly** without prejudice. However, the appearing movant parties are **FOREWARNED** that at their next attempt at moving the Court to enter summary judgment in their favor, if there should be a next time, they must place the Court in position to properly consider their request. **There will be no further opportunities to hit the "piñata" without full compliance with factual grounds for the Court to evaluate a summary judgment motion.** Should the movant parties persist to ill-comply with Fed.R.Civ.P. 56 wasting this Court's time, economic sanctions will be imposed against appearing counsel. Finally, as to Standard's motion to join the PBCs' request while reincorporating its uncontested material facts filed in support of their previously **denied on its merits** (on **two** separate occasions) motion for partial summary judgment against GFC, the Court finds that economic sanctions could be warranted for this is Standard's third time at bat resting on facts, allegations, and case law that have not changed since the first time it filed for summary judgment. The Court chooses to hold its hand at this time, but **warns** Standard that it will not be as generous the next time it attempts to file under the Court's radar the same summary judgment motion for a fourth time.

**WHEREFORE**, the PBCs' motion for summary judgment is **DENIED WITHOUT PREJUDICE**, and Standard's request for joinder is **DENIED WITH PREJUDICE**.[3]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of August of 2005.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

[2] District courts have been specifically and expressly encouraged by the First Circuit Court of Appeals to adopt "anti-ferreting rules" which might assist them in adjudicating motions for summary judgment. The "anti-ferret rules" serves one crucial purpose. It lays out the material facts in dispute clearly for a district court that is swamped with an overwhelming number of civil and criminal dispositive motions. It requires both the moving party and the non-moving party to properly support their respective lists of material facts with specific references to the Record." Velez v. Puerto Rico Electric Power Authority, 170 F. Supp. 2d 158, 162 1st (1st Cir.2001). In explaining the importance of making specific references to the record, the First Circuit Court held in Stepanischen v. Merchants Despatch Trans., 722 F. 2d 922, 927 (1st Cir.1983), that "a party's failure to comply would, where appropriate, be grounds for judgment against that party."

[3] The Court suggests that PBC movants re-file this motion **properly** within the next thirty (30) days.