**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES FIDELITY**
**AND GUARANTY COMPANY**
Plaintiff

**CIVIL NO. 03-1903 (DRD)**
v.                                                                  **03-1904 (DRD)**

**GABRIEL FUENTES JR**
**CONSTRUCTION CORP., et al**
Defendants

**ORDER**

Pending before the Court are **Atlas Roofing, Inc., Bird Construction Co., Inc., Chaservices, Inc., Diaz & Diaz Engineers & Contractors, Glasstra Aluminum, Inc., North Tech Drywall, Corp., P.S.M. Corporation, R.E. Delgado, Inc., Resort Builders, S.E., Rolei Electrica, S.E., Sani Plant Co., Inc., Tony's Stonescaping, Universal Fire Sprinkler Company, Inc.,** and **Victor Diaz, Inc.'s** (collectively referred to as the Payment Bond Claimants "PBCs") respective *Motion for Summary Judgment*. (Docket Nos. 764, 765, 766, 767, 768, 769, 770, 771, 772, 773, 774, 775, 776, and 777, respectively).

On August 29, 2005, this Court issued an order wherein it denied without prejudice the appearing PBCs' joint request for *brevis* disposition. (Docket No. 717). At that point in the proceedings the Court found therein movant parties' request insufficient for it did "not provide the Court with any information of any kind as to the service or construction contracts entered into by each of the PBCs, the amount charged by each of the PBCs for said services, the dates of service, or **any** supplemental documents to the sole statement under perjury presented by the PBCs to attest to the facts[.]" *Opinion and Order*, Docket No. 717 at 1-2 (*emphasis supplied*). The Court, thus, having found that the PBCs had so grossly ill-complied with Fed.R.Civ.P. 56, and Local Rule 56, denied the issuance of summary judgment and specified that it was doing so "**reluctantly** without prejudice" even when Fed.R.Civ.P. 56, Local Rule 56, and interpretative case law more than supports denial with prejudice in this situation.[1] Id. (*emphasis supplied*). Consequently, being overly generous in forgiving the PBCs' non-compliance with local rules, thus running the risk of undercutting the judiciary's effort to enlist counsel as **aides** to the Court, the Court ordered:

> the appearing movant parties are **FOREWARNED** that at their next attempt at moving the Court to enter summary judgment in their favor, if there should be a next

---

[1] *See* Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24 (1st Cir. 2000); Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 927 (1st Cir. 1983); Rivera Velez v. Puerto Rico Electric Power Authority, 170 F.Supp.2d 158, 163 (D.P.R. 2001).

> time, they must place the Court in position to properly consider their request. **There will be no further opportunities to hit the "piñata" without full compliance with factual grounds for the Court to evaluate a summary judgment motion**. Should the movant parties persist to ill-comply with Fed.R.Civ.P. 56 wasting this Court's time, economic sanctions will be imposed against appearing counsel.

Id. at 2. (*emphasis supplied*). The Court then proceeded to grant the moving PBCs thirty days from the issuance of said opinion and order to re-file their *brevis* disposition request in proper fashion. Id. at 2 n.3. That is to say, the PBCs would have until Wednesday, September 28, 2005 to re-file their motion for summary judgment.

In its stead, obviously slighting the Court's clearly and boldly emphasized communicated order, the PBCs swamped the Court with their **untimely** filing of **fourteen** (14) individual **and identical** requests for *brevis* disposition in the instant case on Thursday, September 29, 2005. The Court is certainly not blind to PBC's, if not counsel's, doing. The Court interprets the filing of fourteen individual, **yet identical**, summary judgment motions as the moving parties' attempt to countermove (as a retaliatory act) the Court's previous denial **without** prejudice. Rest assured, the Court will not be sandbagged by this attempt. PBCs are forewarned that by lollygagging throughout the proceedings, the movants are setting the stage for future denouement not excluding economic sanctions, dismissal of allegations, and/or entry of default. The Court is growing impatient with the parties herein and will not tolerate anymore dilatory moves on **any party's part**. However, the Court will, **once again, and for the last time, GRUDGINGLY**, hold its hand and will provide moving parties **one last chance** to comply with, not only this Court's orders, but with the Federal Rules of Civil Procedure, our Local Rules, and First Circuit interpretative case law.[2]

Accordingly, the Court now issued its **FINAL** order to be strictly followed should moving parties herein wish to re-file yet another request for summary judgment:

1. The PBCs shall file **only one** motion for summary judgment amongst all of them;

2. Provided that the fourteen twenty-one-page motions object of this order are identical, the Court grants the PBCs fifteen additional pages (that is, up to 40 pages) to their memorandum of law in support of their request for summary judgment;

3. The PBCs shall file their sole request **on or before Monday, October 24, 2005 at 5:00pm.**;

4. All parties wishing to oppose the PBCs request, should they choose to file a motion, shall do so **on or before Monday, November 14, 2005 at 5:00pm.** and shall also have up to 40 pages for their memorandum of law in support of their opposition to

---

[2] Should moving parties or counsel need copies of said rules, the Court will gladly offer a copy at no cost to the parties or to counsel.

        the PBCs' motion for summary judgment;

5. **NO REPLIES AND SUR-REPLIES WILL BE AUTHORIZED.**

6. **ABSOLUTELY NO EXTENSIONS OF TIME WILL BE GRANTED AND THE MERE REQUEST WILL, NOT ONLY BE SUMMARILY DENIED, BUT WILL RESULT IN THE IMPOSITION OF ECONOMIC SANCTIONS TO MOVING COUNSEL.**

Finally, Plaintiff's fourteen motions requesting an extension of time to oppose the fourteen motions for summary judgment (Docket Nos. 781, 782, 783, 784, 785, 786, 787, 788, 789, 790, 791, 792, 793, and 794) are **MOOT**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of October of 2005.

                                                      s/ Daniel R. Dominguez
                                                      **DANIEL R. DOMINGUEZ**
                                                      **U.S. DISTRICT JUDGE**