UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES FIDELITY
AND GUARANTY COMPANY
Plaintiff

v.

                                                  CIVIL NO. 03-1903(DRD)

**GABRIEL FUENTES JR**                              03-1904(DRD)
**CONSTRUCTION CORP., et al**
Defendants

## ORDER

Pending before the Court is Constructora Minillas' ("CM") *Motion Requesting Entry of Default and Default Judgment as to its Cross-Claim and Brief in Support*. (Docket No. 727). Through said motion, CM moves the Court to enter default against Cayo Largo Hotel Associates S en C por A, SE ("CLHA"), and Gabriel Fuentes, Jr. Construction Co., Inc. ("Fuentes") for their failure to answer or otherwise appear to defend themselves against CM's Cross-Claim (Docket No. 169).

The purpose behind Fed.R.Civ.P. 55 providing the remedy of default and default judgment is to ensure that defendants promptly respond when a lawsuit has been brought forth against them. They are significant weapons for enforcing compliance with the rules of procedure and facilitate the speedy determination of controversies amongst parties. *See* Wright, Miller & Kane, Federal Practice & Procedure § 2693 (1998). This is the reason why, once the Court enters default, it may only set it aside upon a showing of good cause. Furthermore, it is within the court's sound discretion whether said good cause warrants setting aside an entry of default. *See* United States v. One Urban Lot Located at 1 Street A-1, 885 F.2d 994, 997 (1st Cir. 1989). Finally, the entry of default pursuant to Fed.R.Civ.P. 55(a) is an interlocutory order entered in anticipation of a final judgment which, in turn, formally recognizes a party's failure to plead or otherwise defend as provided by the Rules. *See* United States v. $23,000 in United States Currency, 356 F.3d 157 (1st Cir. 2004).

The Court is well aware that an entry of default is appropriate when defendants have not filed an answer or other responsive pleading on or before the statutorily provided deadline. Notwithstanding, understanding the magnitude of the instant case, the troublesome road the parties herein have had to travel regarding obtaining definite legal representation, and provided that both CLHA and Gabriel Fuentes did answer CM's cross-claim, albeit untimely, the Court does not deem entry of default meritorious. (Docket Nos. 745, and 730, respectively). Accordingly, the Court accepts their untimely tendered answers.

The Court simply states that, at this time, the public policy of seeing the case on the merits overrides. *See* Cintron Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522 (1st Cir.

2002) (and cases cited therein).  The Court further notes that defendants have alleged a strong defense (economic reasons, among others) to the underlying facts leading to the controversies herein. Notwithstanding, the Court takes this opportunity to **EMPHATICALLY WARN** defendant herein, as well as all other co-defendants involved in this case, that failure to comply with any succeeding Court order will **immediately** result in this Court entering **DEFAULT.**  In other words, after, in the spirit of fairness having authorized the filing of these belated answers to cross-claims, the Court **will not authorize** further delays and failures to comply; the risk will be of the non-complying party.  Finally, all parties are clearly **FOREWARNED** that **NO EXTENSIONS WILL BE GRANTED ON ANY MATTER HERETOFORE** unless a certified showing of good cause has been proffered.  *See* O'Connell v. Hyatt, 357 F.3d 152, 154 (1st Cir. 2004);  Chamorro v. Puerto Rican Cars INC, 304, F.3d 1, 5 (1st Cir. 2002).   The Court does not have the "obligation to play nursemaid to indifferent parties," and will not hesitate to impose the warranted sanctions.  *See* Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990).

    Accordingly, CM's motion for entry of default (Docket No. 727) is **DENIED.**

    **IT IS SO ORDERED.**

In San Juan, Puerto Rico on this 14th day of October of 2005.

                                          s/ Daniel R. Dominguez
                                          **DANIEL R. DOMINGUEZ**
                                          **U.S. DISTRICT JUDGE**