UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES FIDELITY**
**AND GUARANTY COMPANY**
Plaintiff

**CIVIL NO. 03-1903 (DRD)**
v.                                            **03-1904 (DRD)**

**GABRIEL FUENTES JR**
**CONSTRUCTION CORP., et al**
Defendants

### ORDER

Before the Court is Defendant/Counter-Plaintiff Daniel W. Shelley's *Motion to Reconsider Pursuant to Fed.R.Civ.P. 59(e)*. (Docket No. 601). For the reasons set forth below, Defendant/Counter-Plaintiff's request for reconsideration is **DENIED**.

On May 24, 2005, the Court issued an *Order* where Shelley's eight (8) counterclaims were dismissed. (Docket No. 594). The Court explained that said counterclaims failed to state a claim upon which relief may be granted provided that, even though Shelley may speak on behalf of a corporation or general partnership, the causes of action belong to the corporation and/or the general partnerships. Consequently, the Court concluded that Shelley lacked all authority to pursue claims in his individual capacity that belong to said entities. Now, Shelly purports the Court reconsiders and set aside its previous ruling. Shelly argues the Court erred in its dismissal when it mistook Shelley's (in his personal capacity) 31 P.R. Laws Ann. § 5141 cause of action against plaintiff for an action on behalf of the corporations and/or partnership he represents.

A motion for reconsideration is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. Rosario Rivera v. PS Group of P.R., Inc., 186 F. Supp. 2d 63, 65 (D.P.R. 2002). See generally Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment."). These motions should be granted to correct "manifest errors of law" or to present newly discovered evidence. F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992); Nat'l Metal Finishing Co. v. Barclaysamerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990). Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co. v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Neither are Rule 59(e) motions appropriate "to repeat old arguments previously considered and rejected." Nat'l Metal Finishing Co., 899 F.2d at 123; accord Berrios-Berrios v. Commonwealth of P.R., 205 F. Supp. 2d 1, 2 (D.P.R. 2002); Colón v. Fraticelli, 181 F. Supp. 2d 48, 49 (D.P.R. 2002). For these reasons, motions for reconsideration are "extraordinary remedies which should be used sparingly," Nat'l Metal Finishing Co., 899 F.2d at 123, and are "typically denied," 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 128 (2d ed.

1995).

Defendant/Counter-Plaintiff's request for reconsideration does not present new evidence, a manifest error of law, or novel theories of law that would warrant reconsideration of the Court's June 3rd *Order*. Even if the Court were to indulge Shelley and review his counterclaims as brought exclusively under 31 P.R. Laws Ann. § 5141, Shelley would still be left without a remedy for it is unquestionable that he filed his counterclaim in an untimely fashion.[1] As per Shelley's own admission, the facts upon which he bases his counterclaim occurred "at the beginning of 2003". *See* Docket No. 290, at 16, ¶35. Moreover, Shelly filed his counterclaim on August 16, 2004, well over a year after the alleged damaging acts took place.

Finally, although Shelley does make an attempt to restitute this Court's jurisdiction through the filing of a "second amended counterclaim" wherein he states that plaintiff engaged in said damaging acts "since the beginning of 2003 until it filed its present lawsuit", the Court firmly holds that it cannot award a party's neglectful act by allowing the incorporation of additional language that only serves to transform the damaging act into a continuing act in order to subvert the applicable statutory period of limitations to a counterclaim that was **previously dismissed**. That is to say, in the first place, the counterclaim Shelly seeks to amend is non-existent for it was dismissed by the Court for lack of subject matter jurisdiction in May 24, 2005. (Docket No. 594). Furthermore, even if there were a counterclaim active in this docket which Shelly could theoretically amend, Shelly would have had to request leave from the Court before he could proceed to amend. *See* Fed.R.Civ.P. 15(a). The record reflects that Shelly has not followed that ordered by Fed.R.Civ.P. 15(a). Additionally, upon detailed reading of the dismissed counterclaim and the purported second amended counterclaim, it is clear to the Court that Shelley only seeks to correct it's former substantive mistake and, as the Supreme Court has consistently held, "[Title 28 of the United States Code, section] 1653 speaks of amending '*allegations* of jurisdiction,' which suggest that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." Newman-Green, Inc. v. Alfonzo-Larrin, 490 U.S. 826, 831, 109 S.Ct. 2218, 2223 (1989); *see also* Mills v. Main, 118 F.3d 37, 53 (1st Cir. 1997). Accordingly, even though § 1653 was designed precisely to permit amendments in a broad fashion in order to avoid dismissal of suits on technical grounds, it does not permit amendments of "substance" in creating facts to confer jurisdiction, which did not in fact exist when the counterclaim was first filed, *nunc pro tunc*. *See* Newman-Green, supra; Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co., 700 F.2d 889, 893 (2nd Cir. 1983); Framingham Union Hosp., Inc. v. Travelers Ins. Co., 721 F.Supp. 1478, 1485 (D.Mass. 1989).

Wherefore, because Shelley merely restates arguments that were or could have been raised previously, his *Motion to Reconsider Pursuant to Fed.R.Civ.P. 59(e)* (Docket No. 601) must be, and

---

[1] The Court, at this point in the proceedings need not enter into elucidations as to wether or not the counterclaim is compulsory or permissive. Albeit, even if the counterclaim were determined to be compulsory, the counterclaim, because of the applicable statute of limitations, appears to be futile and stemming from either undue or intended delay. Moreover, personal actions, such as is Shelley's counterclaim suit for "damages that he **personally suffered as an individual**" (Docket No. 601 at 6, ¶30), must be brought within a year of the act of the conduct or omission complained of. 31 P.R. Laws Ann. § 5141.

hereby is, **DENIED**; Shelley's *Second Amended Counterclaim* (Docket No. 713) is **DISMISSED**; and plaintiff's *Motion to Dismiss Second Amended Counterclaim* (Docket No. 733) is **MOOT** pursuant to that decided herein.

    **IT IS SO ORDERED.**

In San Juan Puerto Rico, this 27th day of February of 2006.

                                        s/ Daniel R. Dominguez
                                        **DANIEL R. DOMINGUEZ**
                                        **U.S. DISTRICT JUDGE**